56153-LSK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDUARDO NUNEZ and ALEJANDRO NUNEZ, | |
| Plaintiffs, | No. 15 CV 1471 |
| v. | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, a municipal corporation, OFFICER WILLIAM JOHNSON, a Chicago Police Officer in his individual capacity, | |
| Defendants. | |

**DEFENDANT OFFICER JOHNSON'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT**

NOW COMES the Defendant, OFFICER WILLIAM JOHNSON, Star #20169, by and through his attorneys, QUERREY & HARROW, LTD., and for his Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6), states as follows:

**INTRODUCTION**

On February 17, 2015, Plaintiffs, Eduardo and Alejandro Nunez, filed their Complaint against the City of Chicago and Defendant Officer Johnson. (Dkt. 1). Plaintiffs' Complaint stems from a February 17, 2013 incident that began when Plaintiff Eduardo Nunez was involved in a traffic accident with Defendant Officer Johnson and that ended when Defendant Officer Johnson shot Plaintiff Eduardo Nunez during a struggle for his service revolver. Plaintiffs then filed their Complaint pursuant to 42 U.S.C. § 1983.

Pursuant to Rule 12(b)(6), Plaintiffs' Complaint should be dismissed in its entirety as to Plaintiff Alejandro Nunez as he has failed to state any claim upon which relief can be granted because he admits in his Complaint facts that form the basis for his arrest. Additionally, the Complaint fails to allege any factual support for an excessive force claim as to Plaintiff

Alejandro Nunez. This Court should thus dismiss the Complaint in its entirety as to Plaintiff Alejandro Nunez.

Next, Counts III, IV, and V of Plaintiffs' Complaint should be dismissed as to Plaintiff Eduardo Nunez as they fail to state claims upon which relief can be granted for the following reasons. First, Count III is duplicative of Counts I and II. Additionally, Plaintiff Eduardo Nunez has failed to sufficiently plead an equal protection class of one cause of action. Finally, Count V should be dismissed because Plaintiff Eduardo Nunez cannot bring a substantive due process claim for false arrest and excessive force as such claims should be analyzed under the Fourth Amendment. This Court should thus dismiss Counts III, IV, and V as to Plaintiff Eduardo Nunez.

## STATEMENT OF FACTS

On February 17, 2013, Plaintiff Eduardo Nunez was involved in a traffic accident with Defendant Officer Johnson in the vicinity of 1600 South 59th Court, Cicero, Illinois. (Compl. ¶ 5). According to Plaintiffs, Plaintiff Eduardo Nunez pulled over in front of his house at which time Defendant Officer Johnson exited his vehicle armed with his Chicago Police Department duty revolver. (Compl. ¶ 6). Plaintiffs then allege that Defendant Officer Johnson attacked Plaintiff Eduardo Nunez by dragging him out of his car, punching and kicking him, and then shooting him. (Compl. ¶ 8).

During the alleged incident, Defendant Officer Johnson informed Plaintiff Eduardo Nunez that he was a police officer and attempted to handcuff him. (Compl. ¶¶ 8-9). Plaintiffs also contend that during the alleged incident, Plaintiff Alejandro Nunez arrived on scene and allegedly observed Plaintiff Eduardo Nunez being beaten and shot by Defendant Officer Johnson. (Compl. ¶ 11). Plaintiff Alejandro Nunez then allegedly took Defendant Officer

Johnson's wallet from the front seat of his vehicle so that he could identify the man who had shot his brother. (Compl. ¶ 12). Additionally, Plaintiffs allege that Defendant Officer Johnson illegally stopped, seized, searched them without any probable cause or legal justification, and then caused them to be arrested. (Compl. ¶ 13). Plaintiffs were arrested, handcuffed and taken to the police station for processing. (Compl. ¶ 14).

Plaintiffs further contend that Defendant Officer Johnson lacked a reasonable basis for using any force against Plaintiff Eduardo Nunez. (Compl. ¶ 10). Plaintiff Eduardo Nunez also claims he was intentionally treated differently from other shooting victims with no rational basis. (Compl. ¶ 15). In short, Plaintiff Eduardo Nunez alleges that Chicago Police investigate hundreds of shootings every year, and that he was treated differently because he was unjustifiably shot by an Officer. (Compl. ¶ 15). Plaintiff Eduardo Nunez then alleges that instead of investigating, Defendant Officer Johnson obstructed the investigation by giving false statements as to what happened and filed false reports. (Compl. ¶ 15). Plaintiffs further claim that Defendant Officer Johnson's actions shock the conscience and that he allegedly used unjustifiable force against Plaintiff Eduardo Nunez in complete disregard of his substantive rights. (Compl. ¶ 16).

According to Plaintiffs, Defendant Officer Johnson ignored his duties by disregarding evidence, filing false police reports, and providing false testimony and statements. (Compl. ¶ 16). Plaintiff Eduardo Nunez believes that he was shot because Defendant Officer Johnson lacked training and supervision in the use of force, and because Defendant Officer Johnson allegedly believed that his actions would not be investigated thoroughly. (Compl. ¶ 26). Finally, Plaintiffs claim that as the proximate result of Defendant Officer Johnson's alleged actions, they have

suffered loss of freedom, bodily injury, pain and suffering, psychological damage, legal expenses and medical expenses. (Compl. ¶ 27).

## ARGUMENT

### I. Standard of Review

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true the well-pled facts of the Complaint, and draws all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the Complaint, and not its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In order to withstand a motion to dismiss, the Complaint must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which the claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, the Complaint must plausibly suggest plaintiff's right to relief beyond a speculative level. See *Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); *Twombly*, 550 U.S. at 555.

### II. The False Arrest Claim Must Be Dismissed as to Plaintiff Alejandro Nunez

Plaintiffs Eduardo and Alejandro Nunez are both alleging claims for false arrest in Count I of their Complaint. However, Plaintiff Alejandro Nunez has completely failed to allege a claim for false arrest. In order to plead a claim for false arrest under § 1983, Plaintiff Alejandro Nunez must allege lack of probable cause for his arrest. *Collins v. Johnson*, No. 98 CV 6682, 1999 U.S. Dist. LEXIS 7243, at *3-4 (N.D. Ill. May 13, 1999). Probable cause for arrest exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (internal citations omitted).

The face of Plaintiffs' Complaint clearly establishes that Plaintiff Alejandro Nunez's arrest was supported by probable cause. In the Complaint, plaintiffs allege that "Plaintiff Alejandro Nunez, in order to identify the man that had shot his brother, took the wallet belonging to Defendant Officer Johnson that was on the front seat of Defendant Officer Johnson's vehicle." (Compl. ¶ 12). Therefore, Plaintiffs actually admit that Plaintiff Alejandro Nunez took Officer Johnson's wallet. That Plaintiffs allege that Plaintiff Alejandro Nunez took the wallet so that he could identify the man who shot his brother is completely irrelevant and immaterial. Plaintiff Alejandro Nunez's own pleading has precluded his false arrest claim.

A plaintiff "may plead themselves out of court by alleging facts that establish defendant's entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). In *Soo Line R.R. v. St. Louis S.W. Ry.*, 125 F.3d 481 (7th Cir. 1998), the Seventh Circuit explained that "[j]udicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Id.* at 483 (citing *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)). Accordingly, if a plaintiff alleges facts that demonstrate he has no claim, he has pled himself out of court. *Id.* Here, by pleading that he took Defendant Officer Johnson's wallet, Plaintiff Alejandro Nunez has pled himself out of court as probable cause existed for his arrest. This Court should therefore dismiss Plaintiff Alejandro Nunez's false arrest claim with prejudice.

**III.     The Excessive Force Claim Should be Dismissed as to Plaintiff Alejandro Nunez**

Plaintiffs' excessive force claim is insufficient as it fails to put Defendant Officer Johnson on notice regarding when, what kind, and how any alleged excessive force occurred with respect to Plaintiff Alejandro Nunez. Count I simply offers boilerplate language in support of Plaintiffs' excessive force claim. In particular, Plaintiffs only allege that "[t]he actions of

5

Defendant Johnson in physically abusing and otherwise using unreasonable and unjustifiable force against Plaintiffs, as described above, violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution . . . ." (Compl. ¶ 29). The Fact Section of Plaintiffs' Complaint also fails to set forth any factual support for Plaintiffs' excessive force allegations as to Plaintiff Alejandro Nunez. The only allegations in that section pertaining to Alejandro Nunez are as follows:

> During the incident, Plaintiff Alejandro Nunez arrived on scene and saw Plaintiff Eduardo Nunez being beaten and then shot by Defendant Johnson. (Compl. ¶ 11).
>
> Plaintiff Alejandro Nunez, in order to identify the man that had shot his brother, took the wallet belonging to Defendant Johnson that was on the front seat of Defendant Johnson's vehicle. (Compl. ¶ 12).
>
> Defendant Johnson illegally stopped, seized, searched and caused the arrest of the Plaintiffs without probable cause or any legal justification. (Compl. ¶ 13).
>
> Plaintiffs were arrested, handcuffed and taken to the police station for processing. (Compl. ¶ 14).

Plaintiffs' Complaint is therefore completely bereft of any factual support for their allegation that Defendant Officer Johnson used excessive force against Plaintiff Alejandro Nunez. As such Plaintiff Alejandro Nunez's excessive force claim must fail. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (explaining that plaintiffs must allege specific facts to ground their legal claims). *See also Widmer v. Does #1-#3*, No. 13 C 787, 2013 WL 6229951, at *3 (S.D. Ill. Dec. 2, 2013) (finding that the mere assertion that the defendant assaulted the plaintiff was a legal conclusion and did not describe the defendant's actual conduct, thereby precluding the court from finding the defendant committed excessive force). Accordingly, this Court should dismiss Plaintiff Alejandro Nunez's excessive force claim with prejudice.

**IV.    Count III of Plaintiffs' Complaint Must Be Dismissed**

Plaintiffs allege their excessive force and false arrest claims against Defendant Officer Johnson in Counts I and II of their Complaint. Despite already pleading these claims, Plaintiffs then allege a claim for unreasonable search and seizure in Count III of their Complaint. However, Plaintiffs allege no additional facts or claims in their unreasonable search and seizure claim. Rather, Count III is merely duplicative of Plaintiffs' false arrest and excessive force claims, and should therefore be dismissed.

Although the Federal Rules of Civil Procedure permit parties to plead in the alternative, parties are not allowed to plead duplicative counts. *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014). In order to plead in the alternative, parties must "use a formulation from which it can be reasonably inferred that the pleader is indeed pleading in the alternative." *Id.* Here, it is clear that Plaintiffs are pleading a duplicative claim as Count III involves the same operable facts and the same injuries as Counts I and II. *Id.* Moreover, Plaintiffs will have to prove basically the same elements in order to prevail. *Id.* In *Barrow*, the plaintiff pled both a false arrest claim and an unreasonable seizure claim. *Id.* This Court found that the plaintiff's unreasonable seizure claim was duplicative and unnecessary and that the Fourth Amendment false arrest claim was the proper claim. *Id.*

The only difference between Counts I and II and Count III is that in Count III, Plaintiffs also allege that Defendant Officer Johnson "search[ed] and damag[ed] the premises." (Compl. ¶ 35). However, Plaintiffs Complaint completely fails to assert even one factual allegation that supports a claim that Defendant Officer Johnson searched and damaged any premises. Therefore, Plaintiffs' Complaint fails to place Defendant Officer Johnson on notice as to what premises were searched, when they were searched, and what damage occurred during the alleged search. *See Brooks*, 578 F.3d at 581 (explaining that plaintiffs must allege specific facts to ground their

legal claims). Given the significant deficiency with this claim, Plaintiffs have not sufficiently pled a claim for unlawful search. Count III is therefore completely duplicative of Plaintiffs' claims in Counts I and II and should be dismissed.

### V.     Count IV of Plaintiffs' Complaint Should Be Dismissed

In Count IV of Plaintiffs' Complaint, Plaintiff Eduardo Nunez brings an equal protection class of one claim against Defendant Officer Johnson. Plaintiff Eduardo Nunez alleges that Defendant Officer Johnson denied him equal protection of the law in that he "treated Plaintiff Eduardo Nunez differently than other shooting victims because he was shot by a police officer." (Compl. ¶ 38). Plaintiff Eduardo Nunez further asserts that Defendant Officer Nunez's treatment was motivated by discriminatory purposes that were not rationally related to any legitimate government interest. (Compl. ¶ 39). Plaintiff Eduardo Nunez's equal protection class of one claim demonstrates a clear misunderstanding of what such a claim truly is.

The Equal Protection Clause "protect[s] members of vulnerable groups from unequal treatment attributable to the State." *Yachnin v. Vill. of Libertyville*, 803 F. Supp. 2d 844, 853 (N.D. Ill. 2011). In order to establish an equal protection class of one claim, Plaintiff Eduardo Nunez must show that: "(1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment." *Reget v. City of LaCrosse*, 595 F.3d 691, 695 (7th Cir. 2010) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff Eduardo Nunez cannot establish either element for a class of one claim.

First, in order to satisfy the first element—that Defendant Officer Johnson treated Plaintiff Eduardo Nunez differently than others similarly situated—Plaintiff Eduardo Nunez must show that "the persons alleged to have been treated more favorably [are] identical or

8

directly comparable to [him] in all material respects." *Id.* In short, the individuals who were allegedly treated more favorably must be "very similar." *Id.*

Plaintiffs' Complaint defeats Plaintiff Eduardo Nunez's class of one claim. Plaintiff contends that the others who were similarly situated include <u>all shooting victims</u> in Chicago. (Compl. ¶ 38). However, clearly not <u>all</u> shooting victims in Chicago are similarly situated to him. Plaintiff Eduardo Nunez claims he was treated differently from other shooting victims because he was shot by a police officer. *Id.* Plaintiff Eduardo Nunez has failed, however, to allege or demonstrate that he was treated any differently from any other individual who was also shot by a police officer. This failure is fatal to his claim. Plaintiff Eduardo Nunez is inherently not similarly situated to all shooting victims in Chicago, given he was shot by a police officer. Eduardo Nunez therefore cannot claim that all other shooting victims are similarly situated to him and that his case should be investigated in the exact same manner as those other shootings. Plaintiff Eduardo Nunez has thus failed to set forth a class of individuals who are similarly situated. Therefore, Plaintiff Eduardo Nunez cannot succeed with his equal protection class of one claim.

Next, plaintiffs alleging class of one claims must "present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Torres v. City of Chi.*, 194 F. Supp. 2d 790, 794 (N.D. Ill. 2002). In essence, Plaintiff Eduardo Nunez must demonstrate that the alleged differential treatment was caused by a totally illegitimate animus toward him by Defendant Officer Johnson. *Id.* The Seventh Circuit has explained that "[i]ll will must be the sole cause of the complained-of action . . . A showing of uneven law enforcement, standing alone, will not suffice." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001), *overruled on other*

9

*grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Here, Plaintiff has not set forth any factual allegations that would support a finding that ill will is the sole cause of any differential treatment. Rather, in supposed support for his class of one claim, Plaintiff Eduardo Nunez simply alleges that he was

> intentionally treated differently from other shooting victims with no rational basis. Chicago Police investigate hundreds of shootings every year. However, Plaintiff Eduardo Nunez, because he was unjustifiably shot by an officer was treated differently. Instead of investigating, the Defendant Johnson obstructed the investigation by giving false statements as to what happened and filed false reports.

(Compl. ¶ 15).

As set forth above, Plaintiff Eduardo Nunez is claiming that Defendant Officer Johnson investigated or treated him differently than other shooting victims. Such a claim, however, is rather peculiar because Plaintiff Eduardo Nunez is basically claiming that Defendant Officer Johnson should have treated him the same and investigated his case the same as other shooting victims even though Defendant Officer Johnson was the officer involved in the shooting. Such a theory is absurd. An officer involved shooting is clearly a different investigation from a shooting involving private citizens. There would be no reason for an officer to investigate a shooting incident of someone attempting to gain control of his service weapon, in the same manner in which he would investigate shootings involving other individuals, even those involving other police officers. Plaintiff Eduardo Nunez has clearly failed to sufficiently allege that Defendant Officer Johnson's alleged treatment of him was motivated solely by ill will. For these reasons, Plaintiff Eduardo Nunez's equal protection class of one claim should be dismissed with prejudice.

**VI.     Plaintiffs' Substantive Due Process Claim Should Be Dismissed**

In addition to Plaintiffs' Fourth Amendment false arrest and excessive force claims, Plaintiff Eduardo Nunez is also alleging a § 1983 substantive due process rights claim. In his substantive due process rights claim, Plaintiff Eduardo Nunez alleges the following:

> The conduct of Defendant Johnson shocks the conscience. The actions of Defendant, knowing Plaintiff was shot by an officer but nonetheless ignoring his duties, disregarding evidence, filing false police reports, and giving false testimony and statements are grossly antithetical to the United States Constitution. These actions were without legal justification, malicious, invasive, disregarded Plaintiff's life and personal autonomy, and are constitutionally reprehensible.
>
> As a proximate result of the aforementioned actions by the Defendant, Plaintiff Eduardo Nunez suffered loss of freedom and liberty, bodily injury, pain and suffering, psychological damage, emotional distress, and medical expenses.

(Compl. ¶¶ 42-43). As can be gleaned from the allegations contained within Count III, Plaintiff Eduardo Nunez is essentially attempting to bring false arrest and excessive force claims under both the Fourth Amendment and substantive due process. Such pleading is erroneous.

Supreme Court precedent clearly precludes Plaintiff Eduardo Nunez from bringing false arrest and excessive force claims under a substantive due process claim as opposed to, or in conjunction with, a Fourth Amendment claim. In *Albright v. Oliver*, 510 U.S. 266, 268 (1994), the Court explained that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* 273 (internal citations omitted). Here, the Fourth Amendment, rather than substantive due process, is the appropriate vehicle for Plaintiff Eduardo Nunez's claims. The *Albright* Court reasoned that the Founding Fathers drafted the Fourth Amendment to address matters relating to pretrial deprivations of liberty. *Id.* at 274. Therefore, the *Albright* plaintiff's claim that his right to be free from criminal prosecution unless it is upon probable cause was violated could not be brought under substantive due process. *Id.* at

Also instructive here is the Supreme Court's holding in *Graham v. O'Connor*, 490 U.S. 386 (1989). In *Graham*, the Court held that *all* claims alleging that a police officer utilized excessive force during the course of making an arrest, investigatory stop, or other seizure are properly analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under a substantive due process standard. *Id.* at 388, 395. *See also Tennessee v. Garner*, 471 U.S. 1, 25 (1985) (analyzing the plaintiff's claim solely under the Fourth Amendment even though the plaintiff brought the cause of action under both the Fourth Amendment and substantive due process). Accordingly, since the Fourth Amendment provides an explicit textual source of constitutional protection against false arrest and excessive force, Plaintiff Eduardo Nunez's substantive due process claim must fail. This Court should therefore dismiss Count VI of Plaintiffs' Complaint with prejudice.

WHEREFORE, Defendant, OFFICER WILLIAM JOHNSON, Star #20169, respectfully requests that this Court grant his Motion to Dismiss Plaintiffs' Complaint in its entirety as to Plaintiff Alejandro Nunez and Dismiss Counts III, IV, and V as to Plaintiff Eduardo Nunez, to grant Defendant Officer Johnson 14 days after the ruling on this Motion in which to file his Answer and Affirmative Defenses as to any remaining counts, and for any other relief this Court deems just.

Respectfully submitted,

By: /s/ Larry S. Kowalczyk
One of Defendant's Attorneys

Larry S. Kowalczyk
Megan K. Monaghan
Querrey & Harrow, Ltd.
175 W. Jackson Blvd.
Suite 1600
Chicago, IL 60604
(312) 540-7000
Document #: 1734120